UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY H. ZIRKLE,

            Plaintiff,

-vs-                                                    Case No. 2:09-cv-539-FtM-29SPC

INDYMAC FEDERAL BANK FSB,

            Defendant.
_____

## ORDER

      This matter comes before the Court on the Stipulation to Vacate Default (Doc. #15) filed on March 3, 2010. The Court may set aside the entry of a Clerk's Default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard which varies from situation to situation. Sobkowski v. Wyeth, Inc., 2004 WL 3569703 *2 (M.D.Fla.June 4,2004) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1986)). It is also a liberal standard-"but not one so elastic as to be devoid of substance." Sobkowski, 2004 WL 3569703 at *2.

      Although there is no set formula for determining whether good cause exists, federal courts commonly apply the following guidelines: (1) whether the default was the result of culpable conduct on the part of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. Id. (citing In re Dierschkle, 975 F. 2d 181, 183 (5th Cir. 1992)). These factors are guidelines only and thus "[w]hatever factors are employed, the imperative is that they are regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults

by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Sobkowski, 2004 WL 3569703 at *2 (citing Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F. 2d 190, 194-195 (6th Cir. 1986)).

Here, it appears the parties have stipulated to the Court setting aside the clerk's default entered on January 25, 2010. Having considered the motion, the Court finds good cause and will grant the motion.

Accordingly, it is now

**ORDERED:**

The Stipulation to Vacate Default (Doc. #15) is **GRANTED**. The Clerk is directed to set aside the clerk's default entered on January 25, 2010. The Defendant shall have twenty (20) days from the date of this Order to file an Answer or other responsive pleading.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record